was escaping from the smokestack of the locomotive engine, nothing was coming from the whistle, and continued: "It seemed to be a second after I heard the whistle that the train came through the bridge, almost immediately. I heard the signal." A reading of this testimony shows that, when the witness testifies, "There were no bells or signals," he referred to the precautions provided by the defendant at this crossing, and not to the precautions observed by the engineer of this train; for he was speaking of the former matters, and had just testified there were no gates, there was no flagman, and then continued, "There were no bells or signals." And his testimony thereafter given, which I have just detailed, relates to what he observed in respect to the signals from that train on that occasion. The engineer of the locomotive testifies that he blew the whistle between the bridge and the crossing, that at the whistling post he blew it for five seconds, that after he blew the whistle he started the bell, which worked by compressed air, and rung until the air was turned off, and that the bell continued to ring until he ordered the fireman to turn off the air, when he had stopped the train after the accident, and its ringing prevented his hearing the conductor, who was then talking with him. Analysis of the evidence shows that the two lads gave entirely negative testimony. It does not appear that they were "looking, watching, and listening for it, or that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative," to quote the words of Allen, J., writing for the court in Culhane v. N. Y. Cent. & H. R. R. R. Co., 60 N. Y. 133. It is true that in Greany v. L. I. R. R. Co., 101 N. Y. 419, 5 N. E. 425, the court say that one might be neither looking nor listening, and yet his position be such and the surrounding circumstances so favorable that his testimony might be of equal or greater persuasive power than that of one who both looked and listened under circumstances disadvantageous. And it might be argued, with reference to these young lads who gave negative testimony, that although there is no proof that either looked or listened, or that their attention was directed to the fact of signals, yet, as they were within eight or ten feet of the accident, their position was such as to enhance the value of their negative testimony. And yet this argument based on position may be materially weakened by the criticism that the attention of the lads was not upon the train, but was fixed upon the intestate; for Pearsall testifies that he looked and saw the train, and then "hollered" to the intestate, but when he thus cried out the intestate was looking north, and he also testifies that he saw the intestate step onto the track. Such, too, is the testimony, substantially, of the other lad. It is but natural that, after seeing the train, the attention of any one in such close proximity to the intestate would have been drawn to and riveted upon him, as that human being who was so close to a peril and whose immediate conduct must so largely determine whether he would encounter it. The qualification expressed in Greany's Case, supra, was applied to passengers on the train, who pre-

sumably could not have had their attention diverted by the peril of the person who attempted to cross in front of the locomotive engine of their train. Further analysis of the evidence as to signals shows that, opposed to the negative testimony which I have just considered is the testimony of Mr. Vanderberg, which I have heretofore detailed, who finally testified that "it seemed to be a second after I heard the whistle that the train came through the bridge, almost immediately. I heard the signal"—and of the engineer, whose testimony I have also detailed, and who is positive that he whistled at the whistling post, and that he gave a whistle between the bridge and the crossing, and that the bell was rung continually. The whistling post was 3,588 feet from the crossing where the accident happened, and the bridge 1,000 feet therefrom. The train, according to the evidence, took 13 seconds to pass from the bridge to the crossing. The intestate was walking. He stopped within 8 or 10 feet of the rails to talk with the lads. He then walked on his way. Mr. Vanderberg says that he halted once again, and that he was then but 3 or 4 feet from the track, and the lads say that he walked onto the track. If the whistle was sounded and the bell was rung, as testified to, then it seems that such warning was timely. Of course, as was observed in Greany's Case, supra, the fact that the best evidence was that of the engineer, an employé of the defendant, did not require the plaintiff to put her case in his hands, to the exclusion of secondary evidence. But the engineer is so far sustained by the disinterested witness, Mr. Vanderberg, that I think that the plaintiff, who must depend upon the negative testimony of the two lads, should not prevail. I do not say that the question was not for the jury, but I do say that I am dissatisfied with the verdict as against the weight or preponderance of evidence upon the point pronounced "a vital one" by the learned court, and I therefore advise that the judgment and order should be reversed, and a new trial granted, costs to abide the event. McDonald v. Met. St. R. Co., 167 N. Y. 66, 60 N. E. 282.

**OLD MILL LAND & IMPROVEMENT CO., et al., Appellants, v. VAN WICKLEN, Respondents, et al.** (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by the Old Mill Land & Improvement Company, Thomas O'NEIL, and Walter Filmer against Elizabeth Van Wicklen, impleaded with another. No opinion. Judgment affirmed, with costs.

**PARFITT, Respondent, v. BALLEISEN et al., Appellants.** (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Walter E. Parfitt against Wolf Balleisen and Morris Wexler. No opinion. Judgment of the Municipal Court affirmed, with costs.

In re **PELHAM BAY PARK.** (Supreme Court, Appellate Division, First Department. May 18, 1906.) In the matter of Pelham Bay

Park. **No opinion.** Motion granted. Order filed.

PEOPLE, Respondents, v. DE TURMO, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Proceeding by the people of the state of New York against William De Turmo.

PER CURIAM. Judgment and order affirmed.

WILLIAMS, J., not voting.

PEOPLE, Respondent, v. FARMERS' INDUSTRIAL UNION, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Proceeding by the people of the state of New York against the Farmers' Industrial Union.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

WILLIAMS, J., not voting.

PEOPLE v. FRIEDMAN. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Proceeding by the people of the state of New York against Leo Friedman. No opinion. Motion denied, with $10 costs. Order filed.

PEOPLE v. PETROELLI. (Supreme Court, Appellate Division, First Department. May 18, 1906.) Proceeding by the people of the state of New York against Joseph Petroelli. No opinion. Appeal dismissed. Order filed.

PEOPLE v. SELLIS. (Supreme Court, Appellate Division, First Department. May 18, 1906.) Proceeding by the people of the state of New York against Samuel Sellis. No opinion. Appeal dismissed. Order filed.

PEOPLE, Appellant, v. WORDEN, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Proceeding by the people of the state of New York against Elliott O. Worden. No opinion. Judgment and order affirmed, with costs.

PEOPLE, ex rel. F. V. SMITH CONTRACTING CO., Appellant, v. METZ, Comptroller, Respondent. (Supreme Court, Appellate Division, First Department. May 25, 1906.) Proceeding by the people of the state of New York, on the relation of the F. V. Smith Contracting Company, against Herman A. Metz, as comptroller. C. J. Hardy, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

PEOPLE ex rel. INMAN, Appellant, v. O'DONNEL et al., Respondents. (Supreme Court, Appellate Division, First Department. May 25, 1906.) Proceeding by the people of the state of New York, on the relation of John H. Inman, against Frank A. O'Donnel and others. T. McIlvaine, for appellant. C. A. Peters, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

PEOPLE ex rel. LALLY et al., Respondents, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 4, 1906.) Proceeding by the people of the state of New York, on the relation of Lavina Lally, Catharine M. Lally, and Emily L. Lally, against the New York Central & Hudson River Railroad Company. No opinion. Orders affirmed, with $10 costs and disbursements.

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO., Respondent, v. BOARD OF RAILROAD COM'RS OF STATE OF NEW YORK et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 18, 1906.) Proceeding by the people of the state of New York, on the relation of the New York Central & Hudson River Railroad Company against the Board of Railroad Commissioners of the state of New York, George W. Dunn and others, being the members thereof, the Buffalo, Niagara Falls & Rochester Railway Company, and John A. Barhite, as receiver of the Buffalo, Niagara Falls & Rochester Railway Company. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. RANDOLPH v. CLARKE, Justice of the Peace. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Proceeding by the people of the state of New York, on the relation of Lewis V. F. Randolph, against John Proctor Clarke, justice of the peace. No opinion. Application denied as matter of law. Settle order on notice.

PEOPLE ex rel. RIZZO, Appellant, v. NEW YORK CATHOLIC PROTECTORY, Respondent. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Proceeding by the people of the state of New York, on the relation of Luciano Rizzo, against the New York Catholic Protectory. M. Wolff, for appellant. J. T. Ryan, for respondent. No opinion. Order affirmed, without costs. Order filed.

PEOPLE ex rel. TICONDEROGA UNION TERMINAL R. CO. v. BOARD OF RAILROAD COM'RS et al. (Supreme Court, Appellate Division, Third Department. May 18, 1906.) Proceedings by the people of the state of New York, on the relation of the Ticonderoga Union Terminal Railroad Company, against the Board of Railroad Commissioners and others. No opinion. Writ of certiorari dismissed, without costs, upon the authority of People ex rel. Depew R. Co. v. Commissioners, 4 App. Div. 259, 38 N. Y. Supp. 528, 861.

PERRY v. LEVENSON. (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by Charles J. Perry against Michael Levenson. No opinion. Motion granted, with $10 costs. Order filed.